Oakley J.
This case comes before us on a verdict subject to the opinion of the court. The action is to recover the amount of a bill for work, in rigging the ship Russell, in the month of May, 1825 ; and the principal question of fact to be determined is, whether Packard was a part owner of the ship, at the time the work was done. The ownership of the other defendants is admitted.
I am satisfied, on a careful examination of the case, that the decided weight of the evidence is, that Packard had no interest in the ship, when the plaintiff’s demand for work accrued. The testimony of H. W. Barstow, together with the bill of sale of the fourth part of the ship to Packard, is sufficient, in my judgment, to outweigh the proof of the declarations of Packard, as stated in the case. The evidence of the declarations of a party, is at all times to be received with great caution, and is of all species of evidence, the least satisfactory.
It appears, that on the return of the ship from her first voyage, in July, 1825, the defendant Packard agreed to purchase one fourth part, at her original cost, and to come in as a part owner from the beginning. Accordingly he was charged with his portion of the expense of the outfit of the vessel, for her first voyage, and credited with a portion of the profits of that voyage. This cannot he considered as constituting him a part owner from the beginning, so as to render him liable, to third persons, for demands against the vessel, accruing before he had any actual interest in her. It was adopted merely as a mode of ascertaining, as between Russell and Packard, the price to be paid by the latter on his purchase. It is quite clear, that in performing the work in question, the plaintiff did not look to the responsibility of Packard. *231 He trusted Russell alone, and took his individual note for the amount of his demand. Packard can be made liable only as being in fact a part owner of the ship, at the time the work was done, in which case, the law would render him liable, though his interest in the vessel might not have been known to the plaintiff. The proof, I think, shows, that Packard was not, in fact, a part-owner of the ship at the time, and there must be judgment, therefore, on this case, for the defendants, no joint assumpsit on their part being established.
The view I have taken of the case renders it unnecessary for me to examine the other points raised on the argument.

Judgment for the defendants.

[E. Anthon, Atty. for the plff. J. Leveridge, Atty. for the defts.]